*James E. Cantrill, for appellant.    W. S. Darnaby, for appellee.*

---

DAVID JOHNSON *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—67.]

**Criminal Law—Confessions.**

When the record on appeal in a criminal cause fails to disclose the circumstances under which the statement in the nature of a confession of the prisoner was made, the Court of Appeals will presume they were such as made the evidence competent.

**Instructions as Ground for New Trial.**

When in a murder trial some instructions are given and others are refused, and the defendant by his grounds for a new trial assigns the giving and refusing of certain named instructions, and the instructions given are correct and those refused were properly refused, a new trial cannot be granted on the ground that instructions should have been given upon other points.

APPEAL FROM HICKMAN CIRCUIT COURT.

December 16, 1880.

60

OPINION BY JUDGE COFER:

The bill of exceptions does not show the circumstances under which the statement of the prisoner to Simmons was made. There is enough to show that he then had the prisoner in custody, but this does not necessarily exclude the confessions. It may have been made under circumstances such as to render it competent, and as the record does not disclose the circumstances, we must presume they were such as made the evidence competent.

Instruction "A" correctly presents the law of murder. There was no instruction in the law of self-defense. None was asked, and no complaint was made in the motion for a new trial that the court had failed to properly instruct the jury. The grounds were that the court erred in giving instruction "A" and in refusing instructions 1, 3, 5 and 8. No notice was thereby given that the defendant complained that no instruction was given in respect to self-defense. The objections were specific and did not authorize a new trial upon any other ground.

It has often been decided by this court that it is the duty of the trial court to give to the jury the whole law of the case, that is, the law applicable to the whole case as it is developed in the evidence. But when instructions are given and others refused, and the defendant by his grounds for a new trial assigns the giving and refusing of certain named instructions, and the instructions given are correct and those refused were properly refused, a new trial cannot be granted on the ground that instructions should have been given upon other points. The questions and only questions raised by the grounds for a new trial in this are: First, Was instruction "A" correct? and, second, Were instructions 1, 3, 5 and 8 incorrect? Finding both of the questions ought to be answered in the affirmative, it was the duty of the court to overrule the motion for the plain reason that neither of the grounds assigned for a new trial could be sustained.

It is not claimed in the brief of appellant's counsel that his instructions should have been given, and it is clear that they were properly refused. The evidence of the appellant's confession was not the only evidence tending to connect him with the commission of the crime. The evidence conduced to prove that the appellant was killed by being beaten over the head with a hard, round instrument, and that there was a round hole broken in his skull. The evidence conduced to prove that on the evening on which the homicide was com-

mitted the accused was seen with a round piece of iron, which he seemed to be using as a walking stick.  A round piece of iron answering that description was produced on the trial.  A physician who examined the wounds on the head of the deceased testified that they might have been made with that piece of iron, and especially the round hole in the skull.  This evidence was not objected to.  Another witness testified that the iron looked like the one she saw the prisoner have only a few hours before the homicide.  This was a sufficient corroboration of the confession to authorize the court to give the case to the jury.

We may remark that the evidence of the decrepit condition of the deceased is sufficient to disprove and exclude all pretense that the killing was done in self-defense.  The deceased was about 60 or 65 years of age, was paralyzed in one side, and had a crippled leg and arm and walked on a crutch.  That a young man could have killed such a person in the open street in his necessary self-defense by repeated blows over the head with a heavy iron pipe is preposterous.  There is no evidence that the deceased was armed.

Judgment *affirmed.*  Judge Hargis dissenting.

*Jacob White,* for appellant.   *P. W. Hardin,* for appellee.

[Cited, *Hathaway v. Commonwealth,* 26 Ky. L. 630, 82 S. W. 400.]